# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51021
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICKY LAMONT GARRETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-82-1

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricky Lamont Garrett, federal prisoner # 56723-180, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. The district court denied his IFP motion and certified that the appeal was not taken in good faith. By

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51021

moving for IFP status, Garrett is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Garrett contends that the district court abused its discretion in denying his § 3582(c)(2) motion because the decision was based on the court's erroneous finding that his early release would pose a danger to society. He also argues that the district court's denial fails to address the 18 U.S.C. § 3553(a)(6) factor of avoiding unwarranted sentencing disparities among defendants with similar records and that the district court judge is biased as evidenced by his denial of Garrett's motion.

The district court implicitly recognized that Garrett was eligible for a sentence reduction. Although Garrett was eligible for a sentence reduction, the district court was under no obligation to grant him one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Garrett's argument that his post-sentencing conduct supported a sentence reduction was set forth in his § 3582(c)(2) motion. The district court considered Garrett's motion but concluded, as a matter of discretion, that a lower sentence was not warranted. In doing so, the district court explained that it had considered the § 3553(a) factors, including the seriousness of the offense and the danger Garrett posed to society if he were released earlier. Garrett has not shown that the district court abused its discretion by basing its decision on an error of law or on a clearly erroneous assessment of the evidence. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Further, his vague and conclusional allegations of judicial bias are insufficient to demonstrate that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Because Garrett has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion, the instant appeal does not

No. 15-51021

involve legal points arguable on their merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, Garrett's IFP motion is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  His motion for judicial notice is also DENIED.